IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>SAMMY SULTAN,<br><br>   Defendant. | CASE NO.  4:22-MJ-70427-MAG<br><br>(D. Mass. 22-51159-JGD)<br><br>ORDER OF DETENTION |

      The United States, through the U.S. Attorney's Office for the District of Massachusetts, has charged defendant Sammy Sultan by Criminal Complaint with making threats by telephone calls placed to law enforcement agencies in the United States, in violation of 18 U.S.C. § 875.  The defendant initially appeared on appeared April 1, 2022, and a detention hearing was set for April 7, 2022.

      A judicial officer shall enter an order of detention if, after a hearing, the judicial officer finds that there is clear and convincing evidence that based on the factors set forth in section 3142(g), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or the person in unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. §§ 3148(b)(1)(b), (b)(2)(A) and (B).

      At the detention hearing, this Court considered the report prepared by pre-trial services that recommended detention, and the argument of the parties and finds as follows:

The defendant, Sammy Sultan, was charged on March 13, 2017, with making threats using the telephone by calling law enforcement agencies in the United States, in violation of 18 U.S.C. § 875, in the Northern District of California.  The defendant was released on March 14, 2017, but he was detained on September 18, 2017, after he violated the terms of his release five times.  The violations included missed drug tests, failed drug tests, missed office visits, and his failure to report to treatment programs. The supervising pre-trial services officer noted that the defendant was extremely non-compliant.

The defendant was subsequently sentenced to twenty-four months incarceration followed by a term of supervised release.  During the period of supervision, the defendant denied responsibility for the offense conduct and had several positive drug tests for methamphetamine.

On March 31, 2022, the defendant was charged in the District of Massachusetts with making threats by telephone based on calls placed to law enforcement agencies in the United States, in violation of 18 U.S.C. § 875, on or about May 28, 2021.  As part of that investigation, federal agents executed a search warrant at the defendant's residence in October 2021.  The defendant was present while that search warrant was executed, and he was informed of the basis for the search.  At the detention hearing, the government proffered evidence that the defendant engaged in the same conduct after the May 28, 2021, incident described in the complaint, and after the search warrant was executed in October 2021.

For the reasons stated on the record during the detention hearing and further stated in this Order, defendant is ORDERED detained as no condition or combination of conditions will reasonably assure the community's safety or assure his compliance with the terms and conditions of his pretrial release. *See* 18 U.S.C. §  3142(c). Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility.  *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel.  *See* 18 U.S.C. §  3142(i)(3).

IT IS FURTHER ORDERED that the defendant is to be transported to the District of Massachusetts.

IT IS SO ORDERED.

Dated:   April 8, 2022

Hon. Kandis A. Westmore
U.S. MAGISTRATE JUDGE